IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
January 22, 2020 Session

## SUZETTE MICHELLE GIBSON v. MICHAEL WAYNE GIBSON

Appeal from the Circuit Court for Knox County
No. 138123   Gregory S. McMillan, Judge

_____

### No. E2019-01051-COA-R3-CV

_____

In this post-divorce proceeding, the trial court dismissed a Husband's petition to modify or terminate the transitional alimony he was obligated to pay on the basis of the provision of the parties' Marital Dissolution Agreement that made the alimony obligation non-modifiable.  Husband appeals.  Finding no error, we affirm the judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and JOHN W. MCCLARTY, J., joined.

John K. Harbor, Knoxville, Tennessee, for the appellant, Michael Wayne Gibson.

Jerrold L. Becker, Knoxville, Tennessee, for the appellee, Suzette Michelle Gibson.

**MEMORANDUM OPINION**[1]

Michael Gibson ("Husband") and Suzette Gibson ("Wife") were married in March 1998 and were declared divorced on March 29, 2017; the divorce decree incorporated a Mediated Marital Dissolution Agreement that contained the following provision:

---

[1] Rule 10 of the Rules of the Court of Appeals states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

8. That the Husband shall pay transitional alimony to the Wife in the amount of $5,000.00 per month for a period of 27 months, beginning April 2017 and through June 2019. Thereafter, beginning July 2019, Husband shall pay transitional alimony in the amount of $4,000.00 per month to the Wife for a period of 26 months, until the last payment in August 2021. Until the marital residence sells, the Husband shall pay the sum of $2,500.00 per month directly to the Plaintiff, plus the mortgage payment (property taxes and insurance included) for the marital residence, the agreed upon repairs and maintenance expenses for the marital residence, the utilities (water and electricity) in regards to the martial residence, including basic cable, and same shall satisfy his above enumerated alimony obligation. Upon the sale of the marital residence the Husband shall then begin paying the above enumerated alimony obligation directly to the Wife until his obligation herein terminates. This alimony obligation shall be non-modifiable, but taxable to the Wife and deductible by the Husband. That this alimony obligation terminates on Wife's remarriage, or her death, or upon the termination of the above enumerated fifty-three (53) months, whichever is earlier in time.

A year and a half later, Husband filed a Petition to Modify and/or Terminate Alimony pursuant to Tennessee Code Annotated section 36-5-121, asserting that Wife resided full-time with her fiancé, was not in need of the amount of alimony awarded in the decree, and that Husband's obligation to pay should be suspended all or in part. Wife moved to dismiss the petition, relying on the provision in the agreement that the alimony obligation was non-modifiable. The court granted Wife's motion. Husband appeals.

We review a trial court's decision on a motion to dismiss by taking all allegations of fact in the complaint as true; we review the trial court's legal conclusions *de novo* with no presumption of correctness. Tenn. R. App. P. 13(d); *Owens v. Truckstops of America*, 915 S.W.2d 420, 424 (Tenn. 1996). "A marital dissolution agreement is essentially a contract between a husband and wife in contemplation of divorce proceedings," the interpretation of which is a matter of law and subject to our *de novo* review. *Vick v. Hicks*, No. W2013-02672-COA-R3CV, 2014 WL 6333965, at *2 (Tenn. Ct. App. Nov. 17, 2014) (quoting *Gray v. Estate of Gray,* 993 S.W.2d 59, 63 (Tenn. Ct. App. 1998)). We seek to ascertain and effectuate the parties' intent as expressed in the MDA, giving each word its natural and ordinary meaning. *Long v. McAllister-Long*, 221 S.W.3d 1, 9 (Tenn. Ct. App. 2006).[2]

Husband argues that the trial court erred "by construing the transitional alimony

---

[2] In support of her motion, Wife also filed the affidavit of her former counsel. Inasmuch as the motion was filed and the case resolved pursuant to Rule 12.02(6) of the Tennessee Rule of Civil Procedure, our review is limited to the allegations of the petition and pertinent provisions of the MDA.

paragraph in the parties' Mediated Marital Dissolution Agreement to prohibit Appellant's modification of his transitional alimony obligation as provided by T.C.A. § 36-5-121(g)(2)(C)." A similar argument was raised in the case of *Vick v. Hicks*, where this Court held:

> When . . . parties expressly agree in a marital dissolution agreement that a transitional alimony obligation shall not be modifiable, such an agreement should be deemed to have force. The alimony statutes are not applicable where the parties agree in a marital dissolution agreement to terms different from those set out in the statutes.

2014 WL 6333965, at *4; *see also Karsonovich v. Kempe*, No. M2017-01052-COA-R3-CV, 2018 WL 1091735, at *4 (Tenn. Ct. App. Feb. 27, 2018).

Paragraph 8 of the MDA clearly states that the alimony is transitional, identifies the three circumstances upon which it terminates (Wife's death, remarriage, or the expiration of 53 months), and specifies that it is non-modifiable. We have considered the cases on which the parties rely and conclude that this is a case "where the parties plainly state that the agreed-upon transitional alimony is nonmodifiable, [and thus we] should hold the parties to their agreement." *Vick*, 2014 WL 6333965, at *4.

Accordingly, the judgment of the trial court dismissing the petition is affirmed.

_____
RICHARD H. DINKINS, JUDGE